```
WILLIAM L. BERG, ESQ., SBN 92095
LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
2440 Santa Clara Avenue
Alameda, California  94501
TELEPHONE:      (510) 523-3200
FACSIMILE:      (510) 523-8851

Attorney For Defendants
WILLIAM L. BERG and BERG INJURY LAWYERS
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN,<br><br>       Plaintiff,<br><br>vs.<br><br>WILLIAM L. BERG, BERG INJURY LAWYERS, MARK FREED, and ABC CORPORATION,<br><br>       Defendants.<br>_____/ | Case No.  2:08-CV-02374-JAM-GGH<br><br>ANSWER TO COMPLAINT |

   Defendants William L. Berg and Berg Injury Lawyers hereby answer the complaint as follows:

   1. Defendants admit Paragraph 1, with the exception of the following: Answering Defendants deny that there are "identifiable funds in [their] possession and/or control."

   2. Defendants admit Paragraph 2.

   3. Defendants admit Paragraph 3, with the exception of the following: Answering Defendants deny that they currently have possession and/or control over any of the funds at issue in this case.

ANSWER TO COMPLAINT

4. Defendants deny Paragraph 4.

5. Defendants admit Paragraphs 5, 6, 7, and 8.

6. Defendants admit Paragraph 9, with the with the exception of the following: (a) Defendants deny that "medical benefits in the amount of $73,011.84 were paid by the Plan for Mark Freed," as Defendants allege that the amount actually paid by the Plan, if any, were substantially less than the sum alleged by Plaintiff.

7. Defendants admit Paragraphs 10 and 11.

8. Defendants have no information or belief as to the accuracy of the allegations set forth in Paragraph 12, and on that basis, do deny said Paragraph.

9. As to Paragraph 13, Defendants have no information or belief as to what "[t]he Plan, through its representatives was informed," and on that basis, do deny said Paragraph. Answering Defendants further deny that any of the funds at issue are currently being held in their possession or control.

10. Defendants deny Paragraph 14, as they are not parties to the Plan; and they further deny that they have "violated ERISA."

11. Defendants admit Paragraph 15.

12. Defendants deny Paragraphs 16 and 17.

### FIRST AFFIRMATIVE DEFENSE

13. The complaint does not state a claim against the answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

14. The complaint, in its entirety, is barred by the applicable statute of limitations.

/////

ANSWER TO COMPLAINT                    - 2 -

**THIRD AFFIRMATIVE DEFENSE**

15. The complaint, in its entirety, is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

16. The conduct of Plaintiff and its agents and/or employees in this matter was inequitable and improper, and Plaintiff should therefore take nothing by virtue of its unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

17. Plaintiff's complaint does not seek appropriate equitable relief, in that it seeks monetary damages, rather than reimbursement from a specifically identified fund(s).

**SIXTH AFFIRMATIVE DEFENSE**

18. As Defendant Mark Freed was not made whole, Plaintiff's recovery in this action, if any, should be barred entirely or reduced, pursuant to the "make whole" doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's recovery, if any, should be reduced to take into account the attorney fee and costs incurred by Defendant Mark Freed in procuring a recovery, pursuant to the "common fund" doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

20. Plaintiff's claim should be barred in its entirety because enforcing it in whole or in part will impose a forfeiture on the Defendants herein.

**NINTH AFFIRMATIVE DEFENSE**

21. The terms of the Plan sought to be enforced in this action, and upon which this action is founded (set forth in Exhibit A to the complaint, are unconscionable, and therefore

unenforceable.

### TENTH AFFIRMATIVE DEFENSE

22. The terms of the "Reimbursement Agreement" sought to be enforced in this action, and upon which this action is founded (set forth in Exhibit B to the complaint, are unconscionable, and therefore unenforceable.

### ELEVENTH AFFIRMATIVE DEFENSE

23. Plaintiff's complaint, in its entirety, fails to state facts upon which a claim of relief of attorney fees may be maintained against the answering Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

24. Plaintiff's complaint fails to allege any actionable cause of action against the Answering Defendants, as the Answering Defendants do not have possession or control of any of the funds received in connection with Defendant Freed's personal injury case.

### THIRTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff's complaint, and, in particular, Paragraphs 11 and 12 do not state any allegations which would obligate the Answering Defendants to hold in trust any funds for the benefit of the Plaintiff.

WHEREFORE, Defendants pray that Plaintiff take nothing by its action, and that the Defendants be awarded attorney fees, costs of suit incurred herein, and such other further relief as

/////
/////
/////
/////

ANSWER TO COMPLAINT                            - 4 -

1  the Court deems just and appropriate.
2
3
   DATED: November 5, 2008          /S/ William L. Berg
4                                       WILLIAM L. BERG
                                        Attorney For Defendants
5                                       WILLIAM L. BERG and BERG
                                        INJURY LAWYERS
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANSWER TO COMPLAINT                              - 5 -