1  WILLIAM L. BERG, ESQ., SBN 92095
   ROBERT A. DALBY, ESQ., SBN 130823
2  LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
   2440 Santa Clara Avenue
3  Alameda, California 94501
   TELEPHONE: (510) 523-3200
4  FACSIMILE: (510) 523-8851

5  Attorney For Defendants
   WILLIAM L. BERG and BERG INJURY LAWYERS
6

7

8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11
   AC HOUSTON LUMBER COMPANY              Case No.  2:08-CV-02374-JAM-GGH
12 EMPLOYEE HEALTH PLAN,
                                          DEFENDANTS' NOTICE OF MOTION
13       Plaintiff,                       AND MOTION FOR SUMMARY
                                          JUDGMENT
14 vs.

15 WILLIAM L. BERG, BERG INJURY           Date:        December 9, 2009
   LAWYERS, MARK FREED, and ABC           Time:        9:00 a.m.
16 CORPORATION,                           Courtroom:   6
                                          Judge:       John A. Mendez
17       Defendants.
                                    /
18

19       TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

20       NOTICE IS HEREBY GIVEN THAT on December 9, 2009 at 9:00 a.m., or as soon thereafter

21 as counsel may be heard in Courtroom 6 of the above-entitled Court, located at 501 I Street in

22 Sacramento, California, Defendants WILLIAM L. BERG and BERG INJURY LAWYERS will, and

23 hereby do, move the Court for summary judgment on the ground that there is no genuine issue as to

24 any material fact, and that the moving parties are entitled to judgment as a matter of law, for the

25 reason that Plaintiff's complaint and prayer for relief is now moot, since (1) this is an equitable action

26 to place a constructive trust on the settlement funds received by, or for the benefit of, Defendant

27 MARK FREED; (2) all of the settlement funds received by or for the benefit of Defendant FREED

28 have now been disbursed directly to Defendant FREED, with the exception of the 1/3 attorney fee and

─────────────────────────────────────────
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1  case expenses paid to his attorneys, WILLIAM L. BERG and BERG INJURY LAWYERS; and

2  (3) Plaintiff's sole remedy, if any, is therefore against Defendant FREED, who has already been

3  dismissed from the action.

4        This motion is based upon this Notice of Motion and Motion, the accompanying

5  Memorandum of Points and Authorities, the accompanying Statement of Uncontested Material Facts,

6  the Declarations of Eleanor Tayco and Robert A. Dalby, all pleadings and papers on file in this action,

7  and upon such other matters as may be presented to the Court at the time of the hearing.

8

9

10  DATED: October 26, 2009     / S /    William L. Berg
                                            WILLIAM L. BERG, ESQ., SBN 92095

11                                              Attorney For Defendants
                                            WILLIAM L. BERG and BERG INJURY LAWYERS

12                                              2440 Santa Clara Avenue, Alameda, CA  94501
                                          (510) 523-3200

13                                              wberg@berginjurylawyers.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  WILLIAM L. BERG, ESQ., SBN 92095
   ROBERT A. DALBY, ESQ., SBN 130823
2  LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
   2440 Santa Clara Avenue
3  Alameda, California  94501
   TELEPHONE:  (510) 523-3200
4  FACSIMILE:  (510) 523-8851

5  Attorney For Defendants
   WILLIAM L. BERG and BERG INJURY LAWYERS
6

7

8
                    UNITED STATES DISTRICT COURT
9
                  EASTERN DISTRICT OF CALIFORNIA
10

11
   AC HOUSTON LUMBER COMPANY              Case No.  2:08-CV-02374-JAM-GGH
12 EMPLOYEE HEALTH PLAN,
                                          DEFENDANTS' STATEMENT OF
13        Plaintiff,                      UNCONTESTED MATERIAL FACTS IN
                                          SUPPORT OF MOTION FOR SUMMARY
14 vs.                                    JUDGMENT

15 WILLIAM L. BERG, BERG INJURY           Date:       December 9, 2009
   LAWYERS, MARK FREED, and ABC           Time:       9:00 a.m.
16 CORPORATION,                           Courtroom:  6
                                          Judge:      John A. Mendez
17        Defendants.
                                    /
18

19                                  1.

20        On or about July 29, 2007, MARK FREED was physically injured in a motor vehicle

21 accident.  He retained BERG INJURY LAWYERS to represent him in connection with that

22 accident.  See "Declaration of Robert A. Dalby," hereafter designated as "Dalby Declaration,"

23 filed and served herewith, at Paragraph 2, and Exhibit "A" thereto, the "Berg Injury Lawyers

24 Retainer Agreement."

25                                  2.

26        The retainer signed by Mr. FREED provided for an attorney fee of 33 1/ 3% of any sum

27 recovered without the need for litigation, plus costs.  See Dalby Declaration at Paragraph 2, and

28 Exhibit "A" to said declaration, the "Berg Injury Lawyers Retainer Agreement," at Paragraph 2.  The

   _____
   STATEMENT OF UNCONTESTED MATERIAL FACTS

1  Retainer Agreement also stated that "[T]he attorney shall have a lien upon any recovery for Attorney's

2  fees and advanced expenses." *See* Dalby Declaration at Paragraph 2, and Exhibit "A" to said

3  declaration, the "Berg Injury Lawyers Retainer Agreement," at Paragraph 5.

4                                                       3.

5         Mr. FREED sustained a fractured leg (which had to be surgically repaired through the

6  placement of a metal plate and screws), as well as bruises and contusions. His total medical expenses

7  were approximately $70,237.37.  He also suffered a significant amount of pain and suffering,

8  annoyance, inconvenience, and other general damages. *See* Dalby Declaration at Paragraph 3.

9                                                       4.

10        Mr. FREED's claim for damages settled for the applicable policy limits of $100,000.00, and

11 BERG INJURY LAWYERS received a settlement draft in that amount from Allstate Insurance.

12 *See* Dalby Declaration at Paragraph 4. This draft was deposited into the law firm's trust account.

13 *See* "Declaration of Eleanor Tayco," hereafter designated as "Tayco Declaration," at Paragraph 2, and

14 Exhibit "A" attached thereto, which are being filed and served herewith.

15                                                      5.

16        BERG INJURY LAWYERS, acting through its bookkeeper, Eleanor Tayco, disbursed the

17 sum of $29,232.51 to Mr. FREED on or about April 23, 2008. *See* "Tayco Declaration" at Paragraph

18 2, and Exhibit "B," attached thereto.

19                                                      6.

20        On or about April 24, 2008, Ms. Tayco transferred the sum of $33,621.71 (representing the

21 agreed-upon attorney fee of 33 1/3 % ($33,333.33), and case expenses of $288.38) to BERG INJURY

22 LAWYERS. *See* Tayco Declaration at Paragraph 2.

23                                                      7.

24        BERG INJURY LAWYERS, acting through its bookkeeper, Ms. Tayco, disbursed the

25 remaining settlement funds ($37,145.78) to MARK FREED on November 5, 2008. *See* "Tayco

26 Declaration" at Paragraph 2,  and Exhibit "C," attached thereto.

27                                                      8.

28        Of the $100,000.00 paid in settlement of MARK FREED's claim, all of the funds were

STATEMENT OF UNCONTESTED MATERIAL FACTS                                                    - 2 -

1  disbursed to Mr. FREED, with the exception of the 1/3 attorney fee and the costs advanced by his

2  attorney. *See* Dalby Declaration at Paragraph 4; *see also* Tayco Declaration at Paragraph 2.

3

4

5  DATED: October 26, 2009             / S /      William L. Berg
                                                  WILLIAM L. BERG, ESQ., SBN 92095
6                                                 Attorney For Defendants
                                                  WILLIAM L. BERG and BERG INJURY LAWYERS
7                                                 2440 Santa Clara Avenue, Alameda, CA 94501
                                                  (510) 523-3200
8                                                 wberg@berginjurylawyers.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT OF UNCONTESTED MATERIAL FACTS                                            - 3 -

1  WILLIAM L. BERG, ESQ., SBN 92095
   ROBERT A. DALBY, ESQ., SBN 130823
2  LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
   2440 Santa Clara Avenue
3  Alameda, California  94501
   TELEPHONE:  (510) 523-3200
4  FACSIMILE:  (510) 523-8851

5  Attorney For Defendants
   WILLIAM L. BERG and BERG INJURY LAWYERS
6

7

8
                        UNITED STATES DISTRICT COURT
9
                        EASTERN DISTRICT OF CALIFORNIA
10

11
   AC HOUSTON LUMBER COMPANY              Case No.  2:08-CV-02374-JAM-GGH
12 EMPLOYEE HEALTH PLAN,
                                          MEMORANDUM OF POINTS AND
13         Plaintiff,                     AUTHORITIES IN SUPPORT OF
                                          DEFENDANTS' MOTION FOR
14 vs.                                    SUMMARY JUDGMENT

15 WILLIAM L. BERG, BERG INJURY           Date:        December 9, 2009
   LAWYERS, MARK FREED, and ABC           Time:        9:00 a.m.
16 CORPORATION,                           Courtroom:   6
                                          Judge:       John A. Mendez
17         Defendants.
                                    /
18

19                                   I.

20                              INTRODUCTION

21         The parties to this action are Plaintiff AC HOUSTON LUMBER COMPANY

22 EMPLOYEE HEALTH PLAN, represented by James W. Rushford; and Defendants WILLIAM L.

23 BERG and BERG INJURY LAWYERS, represented by William L. Berg and Robert A. Dalby.

24 Plaintiff is the employee health plan of Defendant MARK FREED, who has been dismissed from the

25 case.  Plaintiff brought the action pursuant to the Employment Retirement Income Security Act of

26 1974 (aka ERISA), seeking to impose a constructive trust and/or equitable lien over allegedly

27 "identifiable funds" in the possession of and/or under the control of the Defendants.  The funds at

28 issue are a portion of the $100,000.00 settlement paid to Defendants in settlement of a personal injury

   MEMORANDUM OF POINTS AND AUTHORITIES

1  claim made by Mr. FREED. Defendants WILLIAM L. BERG and BERG INJURY LAWYERS

2  represented Mr. FREED in that matter, and received and disbursed the settlement funds.

3      The Moving Defendants contend that there is no triable issue of fact, and that they are entitled

4  to judgment as a matter of law, because the entire settlement recovered for MARK FREED was

5  disbursed to him, after the 1/3 attorney fee and advanced costs were deducted. Consequently, if the

6  Plaintiff has a viable equitable claim, it lies solely against Mr. FREED.

7                                      II.

8                          STATEMENT OF FACTS

9      On or about July 29, 2007, MARK FREED was physically injured in an automobile-versus-

10  motorcycle accident. He retained BERG INJURY LAWYERS to represent him in connection with

11  that accident. *See* "Defendants' Statement of Uncontested Material Facts In Support of Motion For

12  Summary Judgment," hereafter designated as "SUMF," at Paragraph 1. The retainer signed by Mr.

13  FREED provided for an attorney fee of 33 1/3% of any sum recovered without the need for litigation,

14  plus costs. *See* SUMF at Paragraph 2. The retainer also stated that "[T]he attorney shall have a lien

15  upon any recovery for Attorney's fees and advanced expenses." *Id.*

16      Mr. FREED sustained a fractured leg (which had to be surgically repaired through the

17  placement of a metal plate and screws), as well as bruises and contusions. *See* SUMF at Paragraph

18  3. His total medical expenses were approximately $70,237.37. *Id.* He also suffered a significant

19  amount of pain and suffering, annoyance, inconvenience, and other general damages. *Id.*

20      Mr. FREED's claim for damages settled for the applicable policy limits of $100,000.00, and

21  BERG INJURY LAWYERS received a settlement draft in that amount. *See* SUMF at Paragraph 4.

22  This draft was deposited into the law firm's trust account. *Id.* Of these proceeds, MARK FREED

23  received $66,378.29; and BERG INJURY LAWYERS disbursed to itself $33,621.71, which

24  represented the agreed-upon attorney fee, plus costs that had been advanced in the case. *See* SUMF

25  at Paragraphs 5, 6, 7, 8. Thus, of the $100,000.00 paid in settlement of Mr. FREED's claim, all of

26  the funds were disbursed to Mr. FREED, with the exception of the 1/3 attorney fee and the costs

27  advanced by his attorney. *Id.*

28

MEMORANDUM OF POINTS AND AUTHORITIES                                    - 2 -

III.

ARGUMENT

Federal Rule of Civil Procedure 56, subsection (b), provides that "[A] party against whom relief is sought may move at any time, ... for summary judgment on all or part of the claim." Summary judgment is appropriate when there is a lack of any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986). The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex v. Catrett* 477 U.S. 317, 323 (1986). Once that burden has been met, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

In the instant case, there are no disputed material facts. The uncontradicted evidence shows that Defendant FREED retained Defendants WILLIAM L. BERG and BERG INJURY LAWYERS on a contingency basis, to represent him in a personal injury case. Defendants took the risks inherent in that relationship, invested time and labor, and advanced costs. Upon settlement of the claim for the policy limit, they disbursed all of the funds recovered to Mr. FREED, <u>after</u> recouping their costs and paying the attorney fee, pursuant to the contract. The only settlement proceeds retained by Defendants WILLIAM L. BERG and BERG INJURY LAWYERS were the attorney fee and advanced costs, and these funds were long ago transferred to the law firm, and commingled with other income from other clients----making them no longer a specific, identifiable funds in any event. The rest of the settlement went to Mr. FREED.

### A. Plaintiff Has No Right To An Equitable Lien or Constructive Trust Over The Funds Representing The Attorney Fee and Costs

Plaintiff's complaint professes to state an action for "equitable relief" that would impose "a constructive trust and/or equitable lien over identifiable funds in the possession and/or control of defendants." However, in these circumstances, the actual intent----and effect----of the complaint is an action for money damages, something that is not permitted under ERISA. Moreover, the Plaintiff's claim would subject Defendants WILLIAM L. BERG and BERG INJURY LAWYERS to a forfeiture of their attorney fee and costs, a result that equity will not countenance.

---

MEMORANDUM OF POINTS AND AUTHORITIES                                    - 3 -

1          In the recent case of *Sereboff v. Mid Atlantic Services, Inc.* 547 U.S. 356 (2006), the United

2    States Supreme Court sought to clarify the legal-versus-equitable relief debate that has plagued

3    ERISA cases over the past several years.  The case involved a subrogation action brought by the

4    administrator of an employee health plan (Mid Atlantic) against beneficiaries (Mr. and Mrs. Sereboff)

5    who had received medical treatment paid for by the plan; and subsequently collected a personal injury

6    settlement from a third party tortfeasor. Upholding a lower court judgment in favor of the health plan,

7    the Court held that equity would permit it "to 'follow' a portion of the recovery '*into the [Sereboffs']*

8    *hands*' 'as soon as [the settlement fund] was identified,' and impose *on that portion* a constructive

9    trust or equitable lien." [citation]  *Sereboff*, 547 U.S. at 364. [italics added]  Significantly, Mid

10   Atlantic sued <u>only</u> the beneficiaries of the health plan, not their attorney; and there is nothing in the

11   opinion that suggests that any right of action lay against the Sereboffs' attorney, or that a beneficiary's

12   lawyer must forfeit his fee or right to recoup costs in favor of an ERISA health plan's lien. (It should

13   also be noted that the Sereboffs had set aside all of the money they received, and placed it in a specific

14   investment fund, thus ensuring that the money would remain "specific and identifiable." *Id.* At 360.)

15          The Supreme Court also appeared to acknowledged that, notwithstanding the specific health

16   plan contract language, all of the traditional equitable defenses (including the "make whole" doctrine

17   and the "common fund" doctrine) were still available to defendants in such cases. *Id.* at 360-361.

18   (Indeed, the trial court had imposed a reduction on the health plan "for Mid Atlantic's share of the

19   attorney fees and court costs the Sereboffs had incurred in" the underlying personal injury case. *Id.*

20          Thus, *Sereboff* certainly represents greater flexibility for health plan plaintiffs----but not at the

21   expense of general equitable principles and equitable defenses.

22          Although not binding on this Court, California law is persuasive on this issue.  The weight

23   of authority in those cases which have considered an attorney's failure to reimburse a client's health

24   plan have squarely concluded that there is no equitable lien that can be enforced <u>against the attorney</u>

25   in such cases. *See, e.g., Farmers Insurance Exchange v. Smith* 71 Cal.App.4th 660 (1999); *Farmers*

26   *Insurance Exchange v. Zerin* 53 Cal.App.4th 445 (1997). The lone exception to this rule, exemplified

27   by *Kaiser Foundation Health Plan, Inc. v. Aguiluz* 47 Cal.App.4th 302 (1996), simply <u>assumed</u> the

28   existence of an equitable lien, something the parties apparently conceded for the sake of the appeal

1  (*see Aguiluz*, 47 Cal.App.4th at 305, fn. 1); and there were other unique features in the case, including

2  the client's <u>written directive, authorizing his attorney to pay his health plan,</u> as well as the attorney's

3  own repeated, ongoing assurances to the health plan, which arguably created detrimental reliance.

4  *Id.* at 304.  No such equitable considerations are present in the instant case.

5       Consequently, whatever rights Plaintiff may have against MARK FREED, there is no

6  equitable lien attaching to the attorney fee and costs recovered by Defendants WILLIAM L. BERG

7  and BERG INJURY LAWYERS, and there can be no constructive trust imposed on those funds.

8

9       <u>B. Defendants' Lien For Attorney Fee And Costs Would Take Priority Over</u>
        <u>Any Lien Possessed By Plaintiff</u>

10

11      Assuming, for the sake of argument, that Plaintiff does indeed have an equitable lien on

12  Mr. FREED's recovery, any attempt to levy on that portion utilized to satisfy the attorney's lien is not

13  "appropriate," unsupported by law, and inequitable.  In this case, both equity and public policy make

14  the attorney lien sacrosanct.  "It is a principle of equity that 'those whose labor, skills, and materials

15  resulted in the creation of a fund should be entitled to priority in the payment of their claims from

16  such source."  *Waltrip v. Kimberlin* 164 Cal. App.4th 517, 525-526 (2008).  Moreover, when faced

17  with the specific question of priority between the lien of <u>an assignee</u> who had bought a patient's

18  account from the medical provider and the patient's personal injury attorney, the California Court of

19  Appeal, Third District (the only California appellate court known to have considered the issue) came

20  down squarely and unequivocally in favor of the attorney:

21       As we shall explain, Gilman [the medical lienholder] was not defendants' client and,
         because defendants had not signed the lien, they did not have any contractual duty to him. His
22       complaint is devoid of any allegations showing a traditionally recognized fiduciary
         relationship.  The fact that defendants were "aware of" Gilman's lien is not enough to create
23       a fiduciary duty.

24  *Gilman v. Dalby* 176 Cal. App.4th 606, 610 (2009).  Moreover, the timing of the formation of the

25  respective liens was found to be completely irrelevant in the analysis:

26       Despite the similarity of equities favoring the priority of medical liens and attorney
27       liens, we conclude that, as a matter of public policy, a medical lien against the recovery in a
         personal injury lawsuit is not equal in equity to an attorney lien for fees and costs created by
28       a retainer agreement to litigate the lawsuit.

MEMORANDUM OF POINTS AND AUTHORITIES                                            - 5 -

1

2       As a practical matter, medical liens have value only if the treated patient obtains a
judgment from which the liens can be paid. Although the patient is personally liable for the
3 cost of services, a collection action against a patient with limited resources is economically
unfeasible. Thus, unless the patient gets a monetary recovery in a lawsuit, the medical liens
4 will usually remain unpaid, and the provider will never obtain payment for the services
rendered.

5

        Also, as a practical matter, the patient's chances of success in obtaining a judgment
6 that adequately compensates the person for his or her damages, including the cost of the
medical services, are greatly diminished if the person is not represented by a lawyer. ...

7

        An attorney lien that includes fees and the costs of suit is a necessary incentive for
8 personal injury plaintiffs' lawyers to represent such clients. In many cases today, the costs of
litigation can reach tens of thousands of dollars, far beyond the out-of-pocket resources of
9 most plaintiffs in our society. Therefore, few, if any, personal injury plaintiffs' lawyers would
be willing to represent a client on a contingency fee basis if an attorney lien for fees and costs
10 does not have priority over medical liens.

11

        By adding to the incentive for a lawyer to represent an injured patient in a lawsuit
12 against an alleged tortfeasor, an attorney lien for fees and costs works to the benefit of other
creditors, such as medical lien holders, because, without the lawyer's services, there may be
13 no judgment from which the lien holders can recover on their claims, and the injured party
may otherwise have no funds to cover the liens. ...
14

15      Thus, public policy and equity favor giving an attorney lien for fees and costs priority over
a medical lien, regardless of which lien was first in time.

16

        Accordingly, *as a matter of law*, the amount recovered by the plaintiff in a personal
17 injury lawsuit always goes first to satisfy the attorney lien for fees and costs before it is used
to satisfy medical liens. If, as in this case, the payment of the attorney lien for costs
18 completely depletes the amount of the judgment, there is nothing left to support a medical lien
holder's action for conversion of the proceeds of the judgment.
19

20  *Gilman, supra,* 176 Cal. App.4th at 618-620.  [italics added]

21

22      Consequently, even if Plaintiff could enforce a lien against Mr. FREED's entire recovery

23  (which Moving Defendants dispute), it could never reach the attorney fee and costs paid to the

24  claimant's attorney.

25

                              IV. CONCLUSION
26

27      There is absolutely no support in equity or in any of the ERISA cases for the proposition that

28  a health plan may, with parasitic passivity, hang back, "follow the money," and then divest an injured

---

MEMORANDUM OF POINTS AND AUTHORITIES                              - 6 -

1  member's lawyer of the attorney fee and costs to which he is entitled.  Such an action would be

2  grossly inequitable and against public policy.  Based on the undisputed facts of this case, Defendants

3  WILLIAM L. BERG and BERG INJURY LAWYERS are entitled to judgment as a matter of law.

4
5  Defendants respectfully pray for the entry of summary judgment against Plaintiff AC HOUSTON

6  LUMBER COMPANY EMPLOYEE HEALTH PLAN, as well as attorney fees and costs to the extent

7  they are permitted by law.

8

9  DATED: October 28, 2009        / S /     William L. Berg
10                                            WILLIAM L. BERG, ESQ., SBN 92095
                                             Attorney For Defendants
11                                           WILLIAM L. BERG and BERG INJURY
                                             LAWYERS
12                                           2440 Santa Clara Avenue, Alameda, CA  94501
13                                           (510) 523-3200
                                             wberg@berginjurylawyers.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   WILLIAM L. BERG, ESQ., SBN 92095
    ROBERT A. DALBY, ESQ., SBN 130823
2   LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
    2440 Santa Clara Avenue
3   Alameda, California  94501
    TELEPHONE:  (510) 523-3200
4   FACSIMILE:  (510) 523-8851

5   Attorney For Defendants
    WILLIAM L. BERG and BERG INJURY LAWYERS

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11
    AC HOUSTON LUMBER COMPANY                    Case No.  2:08-CV-02374-JAM-GGH
12  EMPLOYEE HEALTH PLAN,
                                                 DECLARATION OF ROBERT A. DALBY
13          Plaintiff,                           IN SUPPORT OF MOTION FOR
                                                 SUMMARY JUDGMENT
14  vs.

15  WILLIAM L. BERG, BERG INJURY                 Date:        December 9, 2009
    LAWYERS, MARK FREED, and ABC                 Time:        9:00 a.m.
16  CORPORATION,                                 Courtroom:   6
                                                 Judge:       John A. Mendez
17          Defendants.
                                         /
18

19          I, Robert A. Dalby, do hereby declare:

20          1. I am an associate attorney in the law firm of BERG INJURY LAWYERS, and the following

21  is offered on my personal knowledge.  I have reviewed the case file of Defendant MARK FREED,

22  and I am very familiar with all of the documents contained in the file, as well as the facts of

23  Mr. FREED's case.  I have also been largely responsible for most of the work done on this file since

24  September 2008.

25          2. Mr. FREED retained BERG INJURY LAWYERS to represent him in connection with a

26  motor vehicle accident that occurred on or about July 29, 2007.  The retainer signed by Mr. FREED

27  provided for an attorney fee of 33 1/ 3% of any sum recovered without the need for litigation, plus

28  costs. *See* "Berg Injury Lawyers Retainer Agreement," attached hereto as Exhibit "A," at Paragraph

---

DECLARATION OF ROBERT A. DALBY

1   2. The retainer also stated that "[T]he attorney shall have a lien upon any recovery for Attorney's fees

2   and advanced expenses." *Id.* at Paragraph 5.

3         3. Mr. FREED's accident occurred when he was riding his motorcycle, and he was struck by

4   an automobile. Mr. FREED sustained a fractured leg (which had to be surgically repaired through

5   the placement of a metal plate and screws), as well as bruises and contusions. His total medical

6   expenses were approximately $70,237.37. As might be expected, he also suffered a significant

7   amount of pain and suffering, annoyance, inconvenience, and other general damages.

8         4. The insurance carrier for the party responsible for the accident (Allstate) offered to settle

9   Mr. FREED's claim for the policy limits of $100,000.00. After obtaining a copy of the insurance

10  declaration page, and declarations from the insureds attesting to the fact that there was no other

11  insurance available, we recommended that our client accept the offer. Mr. FREED agreed to settle,

12  and signed and returned the release. After receipt of the settlement draft, my law firm's bookkeeper,

13  Eleanor Tayco, disbursed the sum of $29,232.51 to Mr. FREED on or about April 23, 2008. *See*

14  "Declaration of Eleanor Tayco" at Paragraph 2, and Exhibits "B" and "C" attached thereto, which are

15  being filed and served herewith. On or about April 24, 2008, Ms. Tayco transferred the sum of

16  $33,621.71 (representing the agreed-upon attorney fee of 1/3, or $33,333.33, and case expenses of

17  $288.38) to BERG INJURY LAWYERS. *Id.* The remainder of the settlement ($37,145.78) was

18  disbursed to Mr. FREED on November 5, 2008. *Id.* (Based on a notation stamped on the back of the

19  latter check, it appears that Mr. FREED signed over the latter check to Plaintiff's counsel, the Law

20  Offices of Rushford & Bonotto. He has now been dismissed from this case.)

21        Consequently, all of Mr. FREED's settlement proceeds were fully disbursed by BERG

22  INJURY LAWYERS by November 5, 2008; and, apart from the attorney fee and costs, all of the

23  funds were paid to Mr. FREED. *Id.*

24        I declare under penalty or perjury under the law of the United States and the State of

25  California that the foregoing is true and correct, and as to those matters stated on information and

26  /////

27  /////

28  /////

DECLARATION OF ROBERT A. DALBY                                                    - 2 -

1  belief, I believe them to be true.  Executed at Alameda, California on October 27, 2009.

2

3

4                                          /s/   ROBERT A. DALBY
                                           ROBERT A. DALBY, ESQ., SBN 130823
5                                          Attorney For Defendants
                                           WILLIAM L. BERG and BERG INJURY LAWYERS
6                                          2440 Santa Clara Avenue, Alameda, CA  94501
                                           (510) 523-3200
7                                          rdalby@berginjurylawyers.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ROBERT A. DALBY                                          - 3 -

# EXHIBIT "A"

# BERG INJURY LAWYERS
## RETAINER AGREEMENT

Berg Injury Lawyers (Attorney) and _____Mark Freed_____ (Client) agree that the Attorney shall represent the Client for all claims due to an accident/incident that occurred on or about __ _____07/29/2007_____.

The Attorney's fee will be 33-1/3% of any sum offered in settlement or otherwise recovered. If a lawsuit is filed with the court, or an uninsured motorist arbitration demanded, or if an arbitration, mediation or trial begins, the attorney's fee will be 40%. If this representation is ended by the Client, the Client agrees to pay the Attorney the above percentage of any settlement offer already received on the claim. If there is no recovery on the claim, the Attorney will receive nothing for his services.

The Attorney will advance all expenses reasonably necessary to handle the Client's injury claim. From any recovery the expenses advanced will be deducted in one lump sum after the Attorney's fee has been deducted. 10% of the expenses will be added in exchange for the Attorney's extension of credit rather than billing the expenses as they accrue.
_____ (Client's Initials)

The relationship of fees and expenses is the following: The Attorney fee percentage is based on the actual amount the Attorney recovers from any source for the Client. The remaining funds are the Client's share. From that share advanced expenses are deducted. If the Attorney is required by law to pay medical or other liens, those sums are also deducted from the Client's share. The remaining funds are then paid to the Client.

The Attorney shall have a lien upon any recovery for Attorney's fees and advanced expenses. The above fee covers only the handling of this claim for damages due to the accident/incident. This agreement does not include workers' compensation claims, appeals or retrials. Any other matters handled by the Attorney are not included in the above fee. The above fee is not set by law, but is negotiable between the Attorney and the Client. The Attorney may destroy the Client's file three years after the case is closed. The Attorney has the right to withdraw from the case by mailing written notice to the Client at the Client's last known address.

No settlement can be made without the consent of the Client. However, if the Attorney is unable to locate the Client and settlement is the only way to save the Client's claim, the Attorney will attempt to settle the Client's claim. The Attorney will distribute fees, expenses and liens, and hold the Client's share in the Attorney's trust account.

The Client hereby authorizes the Attorney to sign the Client's name to necessary documents, drafts, checks, releases, or other instruments with the same effect as if signed by the Client. The Attorney shall have the right to employ other attorneys who he feels would be of valuable assistance in the handling of the claim. The fee to the Client will not be increased if other attorneys are employed.

The Client acknowledges receipt of a copy of this agreement

Dated: __11/26/07__

Client's Signature

Dated: __11/29/07__

William Berg, Attorney

1

2  WILLIAM L. BERG, ESQ., SBN 92095
   ROBERT A. DALBY, ESQ., SBN 130823
   LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
3  2440 Santa Clara Avenue
   Alameda, California  94501
4  TELEPHONE:  (510) 523-3200
   FACSIMILE:  (510) 523-8851
5
   Attorney For Defendants
6  WILLIAM L. BERG and BERG INJURY LAWYERS

7

8
                   UNITED STATES DISTRICT COURT
9
                   EASTERN DISTRICT OF CALIFORNIA
10

11

12  AC HOUSTON LUMBER COMPANY          Case No.  2:08-CV-02374-JAM-GGH
    EMPLOYEE HEALTH PLAN,
                                       DECLARATION OF ELEANOR TAYCO
13       Plaintiff,                    IN SUPPORT OF MOTION FOR
                                       SUMMARY JUDGMENT
14  vs.

15  WILLIAM L. BERG, BERG INJURY       Date:      December 9, 2009
    LAWYERS, MARK FREED, and ABC       Time:      9:00 a.m.
16  CORPORATION,                       Courtroom: 6
                                       Judge:     John A. Mendez
17       Defendants.
                                    /
18  ─────────────────────────────────

19       I, Eleanor Tayco, do hereby declare:

20       1. I have personal knowledge of each matter stated herein for the following reasons:  I am the

21  bookkeeper at BERG INJURY LAWYERS, and custodian of records for the law firm's payroll

22  records, trust account, and general account.  I maintain all bank and payroll records in the normal

23  course of our business, and I am very familiar with all of those records.  The following statements are

24  made on my own personal knowledge.

25       2. In the personal injury case of our client, MARK FREED, BERG INJURY LAWYERS

26  received a settlement draft in the amount of $100,000.00 from Allstate Insurance on our about April

27  18, 2008.  A copy of that draft is attached hereto as Exhibit "A."  Upon receipt of that draft by BERG

28  INJURY LAWYERS, I deposited it into the law firms' attorney trust account.

────────────────────────────────
DECLARATION OF ELEANOR TAYCO

1

2       Of this $100,000.00, the money was disbursed in the following manner:  on or about April 23,

3   2008, a check in the amount of $29,232.51 was issued, payable to MARK FREED.  This check was

4   mailed to Mr. FREED on that date.  A copy of that check is attached hereto as Exhibit "B."  On or

5   about April 24, 2008, the sum of $33,621.71 (representing an attorney fee of $33,333.33, and cost

6   costs of $288.38) was transferred to BERG INJURY LAWYERS.  The remainder of the settlement

7   proceeds (a check for $37,145.78) was mailed to MARK FREED on November 5, 2008.  A copy of

8   the front and back of the latter check, number 18418, in the amount of $37,145.78, is attached hereto

9   as Exhibit "C."  (Per a notation stamped on the back of the check, this check was apparently signed

10  over by Mr. FREED to Plaintiff's counsel, the Law Offices of Rushford & Bonotto.)  Consequently,

11  all of Mr. FREED's settlement proceeds were fully disbursed by BERG INJURY LAWYERS by

12  November 5, 2008.

13      I declare under penalty or perjury under the laws of the United States and the State of

14  California that the foregoing is true and correct, and as to those matters stated on information and

15  belief, I believe them to be true.  Executed at Alameda, California on October 26, 2009.

16

17  DATED: October 26, 2009          / S /    Eleanor Tayco
                                             ELEANOR TAYCO
18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF ELEANOR TAYCO                                                          - 2 -

# EXHIBIT  "A"

Allstate®

INSURED: AND THE DARMOYANI
CLAIMANT: MARC FREED
IN PAYMENT OFF CLAIM ARISING FROM BODILY INJURY CAUSED BY
ACCIDENT ON 07/29/07

PAY: ONE HUNDRED THOUSAND DOLLARS AND ZERO CENTS

TO THE     MARC FREED AND HIS ATTORNEY'S BERG INJURY
ORDER     LAWYERS
OF        2289 CERVANTES DR
          RANCHO CORDOVA CA  95670-4125

VOID IF NOT PRESENTED WITHIN THREE HUNDRED, SIXTY-FIVE DAYS OF DATE OF ISSUE

| POLICY NUMBER | CLAIM NUMBER |
|---|---|
| 924181755 | 4540574124 |

| TAX ID: | DESK LOC | EMPLOYEE ID |
|---|---|---|
| ******7973 | RNA | 0L4Q |

| Bank of America NA | Bank of America |
|---|---|
| Atlanta, Dekalb City Georgia | Customer Connection |

| INVOICE NUMBER | COMPANY NAME |
|---|---|
| | ALLSTATE INDEMNITY COMPANY |

100,000.00

| MCO | DATE ISSUED |
|---|---|
| 4540 | 04/17/2008 |

14041150B

*Joan M. Cordett*
*Samuel H. Pill*

AUTHORIZED SIGNATURES

⑂'⁴⁰⁴¹¹⁵⁰ᴮ⁂ ⁑:⁰⁸¹¹¹²⁷ᴮᴮ⁑: ³⁴ ⁹¹¹ ⁹⁵⁶²⁂

64.1278
611

THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK.      DO NOT CASH IF WATERMARK IS NOT VISIBLE.

# EXHIBIT "B"



**BERG INJURY LAWYERS**
TRUST ACCOUNT
2440 SANTA CLARA AVE. PH: 510-523-3200
ALAMEDA, CA 94501

BANK OF ALAMEDA
90-4266/1211

16701

4/23/2008

PAY TO THE ORDER OF    Mr. Mark Freed                                    $ **29,232.51

Twenty-Nine Thousand Two Hundred Thirty-Two and 51/100************************************************* DOLLARS

Mr. Mark Freed
2289 Cervantes Drive
Rancho Cordova, CA  95670

MEMO    Full & final settlement                                          AUTHORIZED SIGNATURE

⑈016701⑈ ⑆121142669⑆ 02505055⑈

16701

Mr. Mark Freed

Full & final settlement                              4/23/2008

29,232.51

Trust Acct 02504389/50    Full & final settlement                       29,232.51

# EXHIBIT  "C"

11/25/2008 – #18418 – $37,145.78

BERG INJURY LAWYERS
TRUST ACCOUNT
3440 SANTA CLARA AVE, P.O. BOX 580-5360
ALAMEDA, CA 94501

BANK OF ALAMEDA
ALAMEDA, CALIFORNIA
90-4001/1211

18418

11/25/2008

$37,145.78

Thirty-Seven Thousand One Hundred Forty-Five and 78/100                     DOLLARS

PAY TO THE
ORDER OF   Mr. Mark Fresl

Mr. Mark Fresl
2296 Cimarron Drive
Rancho Cordova, CA 95670

MEMO   Full & Final Settlement

This is a LEGAL COPY of
your check. You can use
the same way you would
use the original check.

11/25/2008 – #18418 – $37,145.78

PAY TO THE ORDER OF
CITIBANK
FOR DEPOSIT ONLY
LAW OFFICES OF
RUSHFORD & BONOTTO

121000358   11/25/2006
       00660330443
*122001166*   11/25/2006
       6220017039
*122001166*   11/25/2006
       6625579542

Do not endorse or write below this line.

1  WILLIAM L. BERG, ESQ., SBN 92095
   ROBERT A. DALBY, ESQ., SBN 130823
2  LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
   2440 Santa Clara Avenue
3  Alameda, California  94501
   TELEPHONE:  (510) 523-3200
4  FACSIMILE:  (510) 523-8851

5  Attorney For Defendants
   WILLIAM L. BERG and BERG INJURY LAWYERS
6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
   AC HOUSTON LUMBER COMPANY              Case No.  2:08-CV-02374-JAM-GGH
12 EMPLOYEE HEALTH PLAN,
                                          ORDER GRANTING DEFENDANTS'
13       Plaintiff,                        MOTION FOR SUMMARY JUDGMENT

14 vs.

15 WILLIAM L. BERG, BERG INJURY
   LAWYERS, MARK FREED, and ABC
16 CORPORATION,

17       Defendants.
                                      /
18

19       The motion of Defendants WILLIAM L. BERG and BERG INJURY LAWYERS for

20 summary judgment came on regularly for hearing before the Court on December 9, 2009, the

21 Honorable Judge John A. Mendez, District Judge Presiding.  James W. Rushford appears for

22 Plaintiff AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN, and Robert A.

23 Dalby appeared for Defendants WILLIAM L. BERG and BERG INJURY LAWYERS.

24       After considering the moving and opposition papers, arguments of counsel, and all other

25 matters presented to the Court, it is hereby ordered that the Motion is GRANTED.

26

27 DATED: _____
                                          _____
28                                        JOHN A. MENDEZ
                                          United States District Judge

   _____
   ORDER GRANTING SUMMARY JUDGMENT

1  WILLIAM L. BERG, ESQ., SBN 92095
   ROBERT A. DALBY, ESQ., SBN 130823
2  LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
   2440 Santa Clara Avenue
3  Alameda, California  94501
   TELEPHONE:  (510) 523-3200
4  FACSIMILE:  (510) 523-8851

5  Attorney For Defendants
   WILLIAM L. BERG and BERG INJURY LAWYERS

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
   AC HOUSTON LUMBER COMPANY              Case No.  2:08-CV-02374-JAM-GGH
12 EMPLOYEE HEALTH PLAN,
                                          JUDGMENT
13        Plaintiff,

14 vs.

15 WILLIAM L. BERG, BERG INJURY
   LAWYERS, MARK FREED, and ABC
16 CORPORATION,

17        Defendants.
                                     /
18 _____

19        This action came on for hearing before the Court, on December 9, 2009, the Honorable

20 Judge John A. Mendez, District Judge Presiding, on a Motion For Summary Judgment.  The

21 evidence presented having been fully considered and the issues having been duly heard, and a

22 decision having been rendered,

23        IT IS ORDERED AND ADJUDGED THAT the Plaintiff herein take nothing, that the

24 action be dismissed on the merits, and that Defendants WILLIAM L. BERG and BERG INJURY

25 LAWYERS recover their costs.

26

27 DATED: _____
                                     _____
28                                   JOHN A. MENDEZ
                                     United States District Judge

   _____
   JUDGMENT

1  WILLIAM L. BERG, ESQ., SBN 92095
   LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
2  2440 Santa Clara Avenue
   Alameda, California 94501
3  TELEPHONE: (510) 523-3200
   FACSIMILE: (510) 523-8851
4
   Attorney For Defendants
5  WILLIAM L. BERG and BERG INJURY LAWYERS

6

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11  AC HOUSTON LUMBER COMPANY              Case No.  2:08-CV-02374-JAM-GGH
    EMPLOYEE HEALTH PLAN,
12                                         PROOF OF SERVICE OF MOTION FOR
            Plaintiff,                     SUMMARY JUDGMENT AND
13                                         SUPPORTING DOCUMENTS
    vs.
14                                         Date:        December 9, 2009
    WILLIAM L. BERG, BERG INJURY          Time:        9:00 a.m.
15  LAWYERS, MARK FREED, and ABC          Courtroom:   6
    CORPORATION,                          Judge:       John A. Mendez
16
            Defendants.
17  _____/

18

19       I, ROBERT A. DALBY, do hereby declare:

20

21       1. I am over the age of eighteen years and not a party to the within action of *AC Houston*

22  *Lumber Company Health Plan vs. William L. Berg, et al.*  My address is:  249 West Jackson

23  Street, # 510, Hayward, California 94544.

24

25       2. On November 2, 2009, I served the following documents on the Plaintiff herein by

26  /////

27  /////

28  /////

    _____
    PROOF OF SERVICE

1  certified mail, return receipt requested:

2
3  DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY
   JUDGMENT, DECLARATION OF ROBERT A. DALBY IN SUPPORT OF MOTION
   FOR SUMMARY JUDGMENT, DECLARATION OF ELEANOR TAYCO IN
4  SUPPORT OF MOTION FOR SUMMARY JUDGMENT, DEFENDANTS'
   STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF MOTION
5  FOR SUMMARY JUDGMENT, MEMORANDUM OF POINTS AND AUTHORITIES
   IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
6  PROPOSED ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
   JUDGMENT, and PROPOSED JUDGMENT.

7
8  A true copy of each document was placed in an envelope, with postage and certified mail fees

9  fully prepaid thereon, and said envelope was then deposited in a United States Mail repository in

10  Alameda, California.  Said envelope was addressed as noted below, and it is my understanding

11  and belief that it went out in the mail on the same date as it was deposited:

12

13  James W. Rushford, Esquire
    RUSHFORD AND BONOTTO, LLP
14  2277 Fair Oaks Boulevard, Suite 495
    Sacramento, CA  95825

15

16          I declare under penalty of perjury under the laws of the United States and

17  California that the foregoing is true and correct, and as to those matters stated on information and

18  belief, I believe them to be true.  Executed on November 2, 2009 at Alameda, California.

19

20

21                            /S/   ROBERT A. DALBY
22                                  ROBERT A. DALBY

23

24

25

26

27

28

PROOF OF SERVICE                  - 2 -