```
1  WILLIAM L. BERG, ESQ., SBN 92095
   ROBERT A. DALBY, ESQ., SBN 130823
2  LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
   2440 Santa Clara Avenue
3  Alameda, California 94501
   TELEPHONE: (510) 523-3200
4  FACSIMILE: (510) 523-8851

5  Attorney For Defendants
   WILLIAM L. BERG and BERG INJURY LAWYERS
6
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN, | Case No. 2:08-CV-02374-JAM-GGH |
| Plaintiff, | DECLARATION OF ROBERT A. DALBY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| WILLIAM L. BERG, BERG INJURY LAWYERS, MARK FREED, and ABC CORPORATION, | Date: December 9, 2009<br>Time: 9:00 a.m.<br>Courtroom: 6<br>Judge: John A. Mendez |
| Defendants. | |

I, Robert A. Dalby, do hereby declare:

1. I am an associate attorney in the law firm of BERG INJURY LAWYERS, and the following is offered on my personal knowledge. I have reviewed the case file of Defendant MARK FREED, and I am very familiar with all of the documents contained in the file, as well as the facts of Mr. FREED's case. I have also been largely responsible for most of the work done on this file since September 2008.

2. Mr. FREED retained BERG INJURY LAWYERS to represent him in connection with a motor vehicle accident that occurred on or about July 29, 2007. The retainer signed by Mr. FREED provided for an attorney fee of 33 1/3% of any sum recovered without the need for litigation, plus costs. See "Berg Injury Lawyers Retainer Agreement," attached hereto as Exhibit "A," at Paragraph

---
DECLARATION OF ROBERT A. DALBY

2. The retainer also stated that "[T]he attorney shall have a lien upon any recovery for Attorney's fees and advanced expenses." *Id.* at Paragraph 5.

3. Mr. FREED's accident occurred when he was riding his motorcycle, and he was struck by an automobile. Mr. FREED sustained a fractured leg (which had to be surgically repaired through the placement of a metal plate and screws), as well as bruises and contusions. His total medical expenses were approximately $70,237.37. As might be expected, he also suffered a significant amount of pain and suffering, annoyance, inconvenience, and other general damages.

4. The insurance carrier for the party responsible for the accident (Allstate) offered to settle Mr. FREED's claim for the policy limits of $100,000.00. After obtaining a copy of the insurance declaration page, and declarations from the insureds attesting to the fact that there was no other insurance available, we recommended that our client accept the offer. Mr. FREED agreed to settle, and signed and returned the release. After receipt of the settlement draft, my law firm's bookkeeper, Eleanor Tayco, disbursed the sum of $29,232.51 to Mr. FREED on or about April 23, 2008. *See* "Declaration of Eleanor Tayco" at Paragraph 2, and Exhibits "B" and "C" attached thereto, which are being filed and served herewith. On or about April 24, 2008, Ms. Tayco transferred the sum of $33,621.71 (representing the agreed-upon attorney fee of 1/3, or $33,333.33, and case expenses of $288.38) to BERG INJURY LAWYERS. *Id.* The remainder of the settlement ($33,333.33 from the Allstate settlement proceeds, plus a few thousand dollars in medical payments money received from Mr. FREED's own insurance carrier) was <u>initially</u> held in our trust account, for the purpose of attempting to resolve the claim for reimbursement asserted by our client's health insurance (the Plaintiff herein).

5. As a service to our client, MARK FREED, various employees of BERG INJURY LAWYERS attempted to resolve the claim reimbursement made by the AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN. However, at no time did WILLIAM L. BERG or any agent or employee of BERG INJURY LAWYERS sign a reimbursement agreement or enter into a contract to reimburse the Plaintiff in <u>any</u> amount. Our efforts were expended solely for the benefit of our client, Mr. FREED; and our sole and exclusive duty was always to him.

6. I am informed and believe that two employees of BERG INJURY LAWYERS, Gerri Kema

1 and Cathy Froncek, had ongoing conversations over a period of several months, with various agents and representatives of the Plaintiff, including Deanne Klinger of The Loomis Company, a man named "Nathan" from Ingenix, and the Plaintiff's counsel, James Rushford. The message received from these various agents and representatives was always essentially the same: Plaintiff demanded $73,011.84, and would not accept less. (I personally exchanged correspondence with Mr. Rushford, and he adamantly refused to accept less than the total amount paid out by the health plan. Later, when we demonstrated to Mr. Rushford that the amount actually paid out by the AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN was actually $53,667.83, Plaintiff's counsel agreed to reduce his demand to that sum. However, he continued to refuse to accept a lesser amount.) Ultimately, WILLIAM L. BERG and BERG INJURY LAWYERS were served with a lawsuit in the instant action. Defendants were never served with any injunction or court order dictating that they continue to hold the disputed funds in the trust account.

7. At no time did BERG INJURY LAWYERS receive authorization to disburse the funds that we were holding in our trust account to the Plaintiff. After being served with the lawsuit----and much reflection----the law firm and I concluded that our duty to Mr. FREED dictated that we disburse the money we were holding to him, so that he would enjoy the greatest amount of flexibility and have the maximum number of choices as to how he wished to proceed. Accordingly, BERG INJURY LAWYERS disbursed all of the money that it was holding in trust ($37,145.78) to Mr. FREED on November 5, 2008. *See* "Declaration of Eleanor Tayco" at Paragraph 2, and Exhibit "C," attached thereto. (Based on a notation stamped on the back of the latter check, it appears that Mr. FREED signed over the latter check to Plaintiff's counsel, the Law Offices of Rushford & Bonotto. He has now been dismissed from this case.) Apart from the attorney fee and costs paid to BERG INJURY LAWYERS, all of the funds recovered from Allstate Insurance in this case were paid to Mr. FREED. *Id.*

I declare under penalty or perjury under the law of the United States and the State of California that the foregoing is true and correct, and as to those matters stated on information and
///// 
/////

DECLARATION OF ROBERT A. DALBY — 3 —

1 | belief, I believe them to be true.  Executed at Alameda, California on November 17, 2009.

2

3

4

5              /s/   ROBERT A. DALBY
             ROBERT A. DALBY, ESQ., SBN 130823
6            Attorney For Defendants
             WILLIAM L. BERG and BERG INJURY LAWYERS
7            2440 Santa Clara Avenue, Alameda, CA  94501
             (510) 523-3200
8            rdalby@berginjurylawyers.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ROBERT A. DALBY                                                    - 4 -

# EXHIBIT "A"

# BERG INJURY LAWYERS
## RETAINER AGREEMENT

Berg Injury Lawyers (Attorney) and ___Mark Freed___ (Client) agree that the Attorney shall represent the Client for all claims due to an accident/incident that occurred on or about ___07/29/2007___.

The Attorney's fee will be 33-1/3% of any sum offered in settlement or otherwise recovered. If a lawsuit is filed with the court, or an uninsured motorist arbitration demanded, or if an arbitration, mediation or trial begins, the attorney's fee will be 40%. If this representation is ended by the Client, the Client agrees to pay the Attorney the above percentage of any settlement offer already received on the claim. If there is no recovery on the claim, the Attorney will receive nothing for his services.

The Attorney will advance all expenses reasonably necessary to handle the Client's injury claim. From any recovery the expenses advanced will be deducted in one lump sum after the Attorney's fee has been deducted. 10% of the expenses will be added in exchange for the Attorney's extension of credit rather than billing the expenses as they accrue.
___MF___ (Client's Initials)

The relationship of fees and expenses is the following: The Attorney fee percentage is based on the actual amount the Attorney recovers from any source for the Client. The remaining funds are the Client's share. From that share advanced expenses are deducted. If the Attorney is required by law to pay medical or other liens, those sums are also deducted from the Client's share. The remaining funds are then paid to the Client.

The Attorney shall have a lien upon any recovery for Attorney's fees and advanced expenses. The above fee covers only the handling of this claim for damages due to the accident/incident. This agreement does not include workers' compensation claims, appeals or retrials. Any other matters handled by the Attorney are not included in the above fee. The above fee is not set by law, but is negotiable between the Attorney and the Client. The Attorney may destroy the Client's file three years after the case is closed. The Attorney has the right to withdraw from the case by mailing written notice to the Client at the Client's last known address.

No settlement can be made without the consent of the Client. However, if the Attorney is unable to locate the Client and settlement is the only way to save the Client's claim, the Attorney will attempt to settle the Client's claim. The Attorney will distribute fees, expenses and liens, and hold the Client's share in the Attorney's trust account.

The Client hereby authorizes the Attorney to sign the Client's name to necessary documents, drafts, checks, releases, or other instruments with the same effect as if signed by the Client. The Attorney shall have the right to employ other attorneys who he feels would be of valuable assistance in the handling of the claim. The fee to the Client will not be increased if other attorneys are employed.

The Client acknowledges receipt of a copy of this agreement.

Dated: __11/26/07__

Client's Signature

Dated: __11/29/07__

William Berg, Attorney