WILLIAM L. BERG, ESQ., SBN 92095
ROBERT A. DALBY, ESQ., SBN 130823
LAW OFFICES OF WILLIAM L. BERG & ASSOCIATES
2440 Santa Clara Avenue
Alameda, California 94501
TELEPHONE: (510) 523-3200
FACSIMILE: (510) 523-8851

Attorney For Defendants
WILLIAM L. BERG and BERG INJURY LAWYERS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM L. BERG, BERG INJURY LAWYERS, MARK FREED, and ABC CORPORATION,<br><br>    Defendants. | Case No. 2:08-CV-02374-JAM-GGH<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS; AND DEFENDANTS' STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS<br><br>Date:       December 9, 2009<br>Time:       9:00 a.m.<br>Courtroom:  6<br>Judge:      John A. Mendez |

Defendants WILLIAM L. BERG and BERG INJURY LAWYERS hereby respond to Plaintiff's "Statement of Undisputed Material Facts," submitted in support of Plaintiff's pending motion for summary judgment, as follows:

| PLAINTIFF'S ALLEGEDLY UNDISPUTED MATERIAL FACTS | DEFENDANTS' RESPONSE |
|---|---|
| 1. The Loomis Company, is a Plan Administrator for the A.C. Houston Lumber Company Self-Funded Employee Health Plan. | Admitted. |
| 2. All of the plans administered by The Loomis Company are self-funded ERISA qualified plans. | Defendants object to this statement, as irrelevant and calling for speculation. Without waiving said |

---

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS

| | | |
|---|---|---|
| 1, 2 | | objections, Defendants respond that they have insufficient information to admit or deny this statement. |
| 3, 4 | 3. The health plan provided by AC HOUSTON LUMBER COMPANY is an ERISA Plan. | Admitted. |
| 5–12 | 4. Under no circumstances would Deanna Klinger have advised the AC. Houston Plan was not an ERISA qualified plan because every plan she deals with is an ERISA qualified plan. | Defendants object to this statement as vague and ambiguous, irrelevant to the issues in this case, and as asking the Court to engage in speculation. Without waiving said objections, Defendants dispute this statement to the extent that, on April 10, 2008, Deanne Klinger told Gerri Kema, a case manager at BERG INJURY LAWYERS, that the A.C. Houston Plan <u>was not an ERISA plan.</u> See "Declaration of Gerri Kem," filed and served herewith, at Paragraph 3. |
| 13, 14 | 5. Mark Freed was a beneficiary of the health care plan provided by AC. Houston. | Admitted. |
| 15, 16 | 6. Mark Freed was involved in an auto incident where he was on a motorcycle on or about July 29, 2007. | Admitted. |
| 17, 18 | 7. Mark Freed broke his left fibula and received cuts and scrapes in the July 29, 2007 auto accident. | Admitted. |
| 19–21 | 8. Mark Freed used his A.C. Houston health insurance plan to cover his medical costs. | Admitted with qualifications. Mr. Freed's health plan refused to pay three accounts, and at least one was sent to collections. (Mr. Freed ended up making payments on the unpaid accounts.) |
| 22–25 | 9. On or about September 24, 2007, Mark Freed signed a Reimbursement Agreement provided by the Loomis Company agreeing to pay the AC Houston Plan in full for the cost of his medical care if he received a civil settlement. | Admitted. |
| 26–28 | 10. On or about November 26, 2007 Mark Freed hired Berg Injury Lawyers to represent him in recovering for his injuries through his auto insurance underinsured motorist coverage. | Disputed. The "Retainer Agreement" attached to Mr. Freed's declaration clearly states that BERG INJURY LAWYERS was hired to "represent the Client for <u>all claims</u> due to an accident/ |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS   - 2 -

| | | |
|---|---|---|
| 1 | | incident that occurred on or about 07/29/2007." *See* "Declaration of Mark Freed" at Exhibit B-4, filed herein by the Plaintiff. Defendants also note that they are constrained by confidentiality from describing or repeating communications that they had with Mr. Freed. However, they will note that his underinsured motorist coverage was <u>never</u> available to him in this case. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | 11. On or about November 26, 2007, Mark Freed gave a Berg male paralegal a packet of all the paper work he had relating to his case and insurance issues, including the Reimbursement Agreement of September 24, 2007. | Defendants object to this statement and move to strike it, on the grounds that it is irrelevant to the issues in this case, is vague and ambiguous, and calls for speculation. Defendants obviously would have no way of knowing if Mr. Freed gave them "all the paper work he had"; and, in any event, the issue is not relevant in an equitable action to impose a constructive trust on specific, identifiable settlement proceeds. Defendants also note that they are constrained by confidentiality from describing and/or divulging any of the communications that passed between Mr. Freed and themselves in the course of their representation. |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | 12. On November 26, 2007 Mark Freed signed a Berg Injury Lawyers Freed Retainer Agreement. Part of that agreement states "If the Attorney is required by law to pay medical or other liens, those sums are also deducted from the Client's share. The remaining funds are then paid to the Client." | Admitted. |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | 13. In April of 2008, Mark Freed agreed to settle his case with Allstate Insurance for $100,000. | Admitted. |
| 22 | | |
| 23 | 14. On or about April 15, 2008 Deanna Klinger received an e-mail from Gerri Kema at Berg Injury Lawyers requesting a complete ledger of payments made to providers on this case. | Admitted. |
| 24 | | |
| 25 | | |
| 26 | 15. On or about April 17, 2008 I replied to Ms. Kema's April 15, 2008 e-mail informing her it would be an additional week before I was able to respond. | This statement is somewhat confusing and unintelligible, due to the use of the first person. However, Defendants admit that the statement is true as to Deanna Klinger. |
| 27 | | |
| 28 | | |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS   - 3 -

| | | |
|---|---|---|
| 1 | 16. On or about April 23, 2008, Mark Freed received a check in the amount of $29,232.51 from Berg out of the settlement. | Admitted. |
| 2 | | |
| 3 | | |
| 4 | 17. Berg Injury Lawyers informed Mark Freed that they had set aside money to cover the medical liens. | Defendants object to this statement, and move to strike it, on the ground that it is irrelevant to the issues in this case. Defendants also note that they are constrained by confidentiality from describing and/or divulging any of the communications that passed between Mr. Freed and themselves in the course of their representation. |
| 9 | 18. Berg Injury Lawyers informed Mark Freed there could be additional money paid to him after they settled three liens outstanding. | Defendants object to this statement, and move to strike it, on the ground that it is irrelevant to the issues in this case. Defendants also note that they are constrained by confidentiality from describing and/or divulging any of the communications that passed between Mr. Freed and themselves in the course of their representation. |
| 15 | 19. Based on the representations by Berg Injury Lawyers, Mark Freed believed Berg Injury Lawyers had set aside enough money to cover his obligations to the A.C. Houston Plan, and that the money given to him in the amount of $29,232.51 was the amount of settlement over and above any outstanding lien. | Defendants object to this statement, and move to strike it, on the grounds that it is irrelevant to the issues in this case; and that it asks the Court to speculate about Mr. Freed's beliefs and expectations, none of which are relevant or material in this proceeding. Defendants also note that they are constrained by confidentiality from describing and/or divulging any of the communications that passed between Mr. Freed and themselves in the course of their representation. |
| 22 | 20. On or about May 2, 2008 Deanna Klinger e-mailed correspondence to Gerri Kema of Berg Injury Lawyers attaching the lien and the Plan Summary Document and specifically referred Ms. Kema to pages 49 to 50 of the Plan that cover Reimbursement & Third Party Recovery. | Admitted. |
| 26 | 21. On or about May 9, 2008 Deanna Klinger received a facsimile from Gerri Kema with a copy of a letter stating Mr. Freed's case had settled and requesting all providers share a "common fund" of $33,333.33. | Admitted. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS  - 4 -

| # | | |
|---|---|---|
| 1 | 22. On or about October 1, 2008 Mark Freed received an email from Marisol Martinez at Berg Injury Lawyers attaching a copy of the Reimbursement Agreement of September 24, 2007. | Defendants object to this statement, and move to strike it, on the ground that it is irrelevant to the issues in this case. Defendants also note that they are constrained by confidentiality from describing and/or divulging any of the communications that passed between Mr. Freed and themselves in the course of their representation. |
| 2 | 23. On or about November 5, 2008 Robert Dalby wrote Mark Freed a letter enclosing the amount remaining in the trust fund, $37,145.78 and advising him him that Berg "essentially need to get the money out of [their] hands before it can be attached or seized." | Defendants admit that they sent to Mr. Freed a check in the amount of $37,145.78 on November 5, 2008, and that this fully disbursed the last of the settlement funds being held in trust. Defendants are constrained by confidentiality from describing and/or divulging any of the communications that passed between Mr. Freed and themselves in the course of their representation. |
| 3 | 24. A.C. Houston claimed a $53,667.83 lien over Mark Freed's recovery from his July 29, 2007 injury. | Admitted with qualification. Plaintiff <u>now</u> asserts a lien of $53,667.83 in this case. For a period of several months, Plaintiff and its counsel asserted a lien in the amount of $73,011.84 in this case, until Defendants demonstrated that this claimed lien amount was erroneous, and inflated by nearly twenty thousand dollars. |
| 4 | 25. On or about April 23, 2008 Berg Injury Lawyers received a check from Allstate Insurance for $100,000 to settle Mr. Freed's claim. | Admitted. |
| 5 | 26. Berg Injury Lawyers initially deposited the $100,000 check from Allstate insurance in to their client trust account. | Admitted. |
| 6 | <u>DEFENDANTS' ADDITIONAL UNDISPUTED MATERIAL FACTS</u> | <u>SUPPORTING EVIDENCE</u> |
| 7 | 1. Defendants WILLIAM L. BERG and BERG INJURY LAWYERS are not, and never have been, fiduciaries of the AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN. | *See* "Declaration of William L. Berg at Paragraph 2. |

/////

---

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS   - 5 -

| | | |
|---|---|---|
| 1 | 2. Defendants WILLIAM L. BERG and BERG INJURY LAWYERS did not sign the reimbursement agreement signed by MARK FREED. | *See* "Affidavit of Mark Freed" at Paragraphs 7 and 8, and Exhibit B-1 thereto; *see also* "Declaration of William L. Berg" at Paragraph 3, and "Declaration of Robert A. Dalby" at Paragraph 5. |
| 3. | At no time did Defendant WILLIAM L. BERG or any agent or employee of WILLIAM L. BERG or BERG INJURY LAWYERS enter into any contract or agreement to reimburse the AC HOUSTON LUMBAR COMPANY EMPLOYEE HEALTH PLAN out of the settlement funds received on behalf of MARK FREED. | *See* "Declaration of William L. Berg at Paragraph 3; *see also* "Declaration of Robert A. Dalby" at Paragraph 5. |

DATED: November 18, 2009        / S /    William L. Berg
WILLIAM L. BERG, ESQ., SBN 92095
Attorney For Defendants
WILLIAM L. BERG and BERG INJURY LAWYERS
2440 Santa Clara Avenue, Alameda, CA  94501
(510) 523-3200
wberg@berginjurylawyers.com

---

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS    - 6 -