JAMES W. RUSHFORD, ESQ.
State Bar No. 88739
RUSHFORD & BONOTTO, LLP
2277 Fair Oaks Blvd., Suite 495
Sacramento, California  95825
Telephone: (916) 565-0590
Facsimile:  (916) 565-0599
Email:  jrushford@rushfordbonotto.com

Attorneys for Plaintiff,
AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WILLIAM L. BERG, BERG INJURY LAWYERS, MARK FREED, and ABC CORPORATION,<br><br>　　　　　Defendants. | Case No.:  2:08-CV-02374-JAM-GGH<br><br>**REPLY TO OPPOSITION OF DEFENDANT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT POINTS AND AUTHORITIES**<br><br>**Date: December 9, 2009<br>Time: 9:00 a.m.<br>Courtroom: 6** |

　　　　COMES NOW Plaintiff, AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN in reply to Defendants William Berg and Berg Injury Lawyers' Opposition to Plaintiff's Motion for Summary Judgment, and in support of the Motion for Summary Judgment.

**I. Facts**

　　　　The facts of this litigation are extensively laid out in the preceding opposing Motions for Summary Judgment and oppositions to those motions.  When reviewing the previous factual summaries laid out by both parties it is apparent the material facts for purposes of this Motion are essentially undisputed.   Indeed, in his response to plaintiff's statement of

1

1  undisputed facts, defendant essentially admits every material fact set forth
2  by plaintiff, save Fact 4.

3  Both sides agree the Plan paid for medical expenses of Mark Freed. UMF 8. Both sides agree on or about September 24, 2007 Mark Freed signed a Reimbursement Agreement provided by the Loomis Company agreeing to pay the AC Houston Plan in full for the cost of his medical care if he received a civil settlement. UMF 9. It is also agreed that Mr. Freed hired Berg Injury Lawyers to represent him in connection with the accident he suffered. UMF 10.

10  Both sides agree Berg Injury Lawyers received a check from Allstate Insurance for $100,000 to settle Mr. Freed's Claim. UMF 25. Both sides agree that Berg deposited the $100,000 in their client trust account. UMF 26. Further, both sides agree Berg Injury Lawyers took $33,621.71 of the settlement, which they claim as attorney fees. See Declaration of Eleanor Tayco.

16  Both sides agree Deanna Klinger of the Loomis Company replied by email on April 17, 2008 to Gerri Kema of Berg Injury Lawyers that she would get back to her in a week with the specifics regarding the medical payments and the lien. UMF 15.

20  Both sides also agree that Berg issued a second check to Mr. Freed in the amount of $37,145.78 on or about November 5, 2008. UMF 23. The correspondence accompanying the check stated Berg "essentially needed to get the money out of (their) hands before it can be attached or seized." Exhibit B-5. to plaintiff's motion.

25  There are simply no material facts in dispute for the purposes of this motion.

27  / / /
28  / / /

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In considering a motion for summary judgment, the court must examine all of the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B. The Plan Language is Clear and *Sereboff* Allows for Appropriate Equitable Relief Over Funds Characterized as Attorneys' Fees Under the Circumstances.

Defendant alleges that because they claim the remaining funds sought by the Plan as attorneys' fees, the Plan is not entitled to recover any of its interest from those funds. The trust principles laid out under *Sereboff v. Mid Atlantic* 547 U.S. 356 (2006) and its progeny do not support this position.

The Supreme Court in *Sereboff* held that a constructive trust and/or equitable lien by agreement attached to the trust res (i.e. the property of the trust paid on behalf of the member) before the settlement with the tortfeasor even occurred. In this case, Mark Freed agrees that as a member of the Plan, he never had a right to the full amount of money from

3

the tort recovery.  UMF 9.  Freed and Berg had no right to enter into a contract allocating to themselves property that already belonged to the Plan.  Consequently, any arrangement between Freed and Berg concerning attorney's fees does not affect the Plan's claim to full reimbursement under the Plan's terms.

These principles hold true regardless of any unilateral disbursement by the Berg firm.  This case is nearly identical to that recently addressed by the Sixth Circuit in *Longaberger Co. v. Kolt* 2009 WL 3806079 (C.A. 6(Ohio)), (November 16, 2009).  (Plaintiff notes this decision was published after the Motion for Summary Judgment in this matter was submitted.)

The Longaberger Company provided $113,668.31 in medical benefits to Samuel Billiter, under the terms of its ERISA company health plan, after he was injured in an automobile accident.  Attorney Kolt represented Billiter in a civil action against the other drivers.  In July of 2004, Kolt reached a settlement with the two negligent drivers for a total of $135,000.  Kolt deposited the settlement funds into his Interest on Lawyer's Trust Account, ("IOLTA").  Kolt wrote a notification letter to Longaberger of the settlement and indicated Billiter wished to "amicably satisfy his subrogation obligation." *Id.* at *2.

On December 8 and 9, 2004 Kolt disbursed $45,000 of the settlement to his own account as an attorney fee, $86,082.18 to Samuel Billiter and a small amount to two other attorneys for work they did, leaving a small amount in the IOLTA.  *Id.* *2-3.

The Longaberger Plan had specific language for third party reimbursement, including language that its lien had first priority over all other interests.  The Longaberger Company brought suit against Kolt and Billiter for the return of its constructive trust.  Both Longaberger and Kolt

filed cross-motions for summary judgment. Because the language of the Longaberger plan contained clear and unambiguous reimbursement provisions, identifying a distinct fund as "the proceeds of any recovery by you or your Dependents(s) from a third party," the court ruled the equitable lien attached to the settlement fund when it was identified and received in July 2004. The court noted that while "§502(a) (3) limits the universe of potential plaintiffs who may bring a civil action for equitable relief to a 'participant, beneficiary, or fiduciary' of an ERISA plan. The Act, however, does not contain a similar provision limiting the class of defendants in a §502(a)(3) action." *Id.* at *11.

Here, the defendants now note that there is no longer a specific, identifiable fund for plaintiff to recover from since all the funds have been distributed, save attorneys' fees and costs. Defendants' Opposition, 8, lines 13-16. However, as the *Longaberger* court stated:

> The fact that [the Attorney] chose to disregard Longaberger's first priority lien and commingle the settlement funds does not defeat Longaberger's claim for equitable relief, because under *Sereboff,* Longaberger was free to follow a portion of the settlement funds into [the attorney's] hand.

*Longaberger, supra* at *12.

Further, Defendants continue to assert that the attorney lien takes priority over the ERISA lien. Defendants rely on the *Hotel Employee Restaurant Employees International Union Welfare Fund v. Gentner* 50 F.3d 719 (9th Cir. 1995). However, *Gentner* is a pre *Sereboff* decision. *Sereboff* clearly held the ERISA plan recovery is equitable and not contractual. The analysis of the *Gentner* court was contractual in nature and focused on the fact that an attorney was not a party to the subrogation agreement. In the post-*Sereboff* era contract analysis does not apply to an ERISA Plan

1 recovery action.

2     A review of cases both before and after *Sereboff* indicate that courts 3 routinely enforce unambiguous Plan language giving ERISA Plan 4 reimbursement priority over claims for attorney's fees by a participant or 5 their counsel. For example, in *Walker v. Wal-Mart Stores, Inc.*, 159 F.3d 6 938, 940 (5th Cir, 1998) the court found the plan's unambiguous 7 subrogation language entitled Plan to full reimbursement prior to deduction 8 of attorneys' fees and expenses.

9     In *Longaberger, Supra,* the court found the attorney fees could not 10 be deducted under ERISA and the Plan's clear language. *Longaberger,* 11 *supra.* The Seventh Circuit found a plan is not required to reimburse a 12 participant for attorneys' fees where the plan expressly provided the 13 participant was responsible for the attorneys' fees. *Administrative* 14 *Committee of the Wal-Mart Stores, Inc. Associates Health and Welfare Plan* 15 *v. Varco*, 338 F.3d 680 (7th Cir. 2003). As a result, the plan language was 16 enforced and the "common fund" reduction rejected. *Id.*

17     As the federal cases make clear, the Plan may appropriately claim 18 equitable relief over the amount ($16,522.05) of the settlement that 19 defendants claim constitute Berg's attorney's fees, and the lien takes 20 priority over all other interests.

21 **C.    THERE WAS NO DETRIMENTAL RELIANCE BY DEFENDANTS**

22     Defendants now seem to claim they relied on a statement by Deanna 23 Klinger that the Plan was not "ERISA." Interestingly, this "fact" is never 24 mentioned in defendants' motion for summary judgment scheduled to be 25 heard herewith. In any event, plaintiff contends that even if this were to 26 be found a legitimately disputed issue, it is not a material issue so as to 27 defeat summary judgment. Indeed defendants have offered no authority 28 or argument that it is.

1     Defendants admit that they were aware of the lien and that as early
2  as November 26, 2007 they had the Reimbursement Agreement signed by
3  Freed that unequivocally sets forth the Plan's right to recover the first
4  dollar from any settlement.  UMF Nos. 9 and 11.
5      In addition it is undisputed that Berg told Freed that money was set
6  aside to cover his medical liens, and there would be additional money paid
7  to him after he received $29,232.51 on April 23, 2008.  UMF Nos. 17 and
8  18.
9     Instead of disputing some of these facts, defendants claim
10 attorney/client privilege in refusing to admit or deny these facts. This
11 objection is improper as only the communications pertaining to the legal
12 advice given, not the underlying facts, are protected by the privilege.
13 *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  Moreover the
14 attorney-client privilege belongs to the client, not the attorney. Cal Evid.
15 954. And here the client, Mark Freed, has clearly waived the privilege by
16 signing an affidavit under oath that he provided this Reimbursement
17 Agreement to his attorney.  The facts remain undisputed.
18     The evidence shows Berg Injury Lawyers had full knowledge of the
19 lien.  Mark Freed has shown in his affidavit that he gave all his paperwork,
20 and specifically a copy of his September 24, 2007 reimbursement
21 agreement to the Berg representative who visited him.
22     With regard to the Klinger declaration, the "dispute" raised by
23 defendants is immaterial and incredible.  Defendants now claim Gerri Kema
24 spoke to Deanna Klinger on April 10, 2007 and was told the Plan at issue
25 was not governed by ERISA.  This is incredible since Ms. Klinger's affidavit
26 confirms that she only works with ERISA plans.  UMF 4.   There is no
27 evidence to the contrary.  Further, defendants have produced no written
28 documentation corroborating their claim, aside from Ms. Kema's own self-

7

serving declaration and a phone log, attached to Ms. Kema's declaration.

The phone log shows a 3 minute and 26 second phone call to a Pennsylvania Phone number of 610-374-4040 on April 10, 2007 at 1:17 pm. *Declaration of Gerri Kema.* Although Kema claims that an interoffice e-mail confirms the alleged phone conversation, defendants have not produced that memo or any other documentation regarding the content of the phone call.

There is undisputed documentation, that Ms. Klinger wrote an e-mail to Ms. Kema on April 17, 2007 stating "just wanted to let you know that I received your email and your *voicemail*." Exhibit A-3, attached to the declaration of James W. Rushford in support of plaintiff's motion for summary judgment (emphasis added).

Given the self-serving nature of Ms. Kema's declaration and the fact that there is no corroborating evidence and that the written evidence undermines the declaration to the point that is incredible, Plaintiff suggests that this is one of those rare instances where the court would be justified in rejecting Ms. Kema's declaration. *See Johnson v. Washington Area Metropolitan Transit Authority* (DC Cir. 1989) 888 F3d 125, 128-129 and *Villiarima v. Aloha Island Air, Inc. (*9th Circ. 2002) 281 F3d 1054, 1061.

Again, whether or not the parties disagree regarding the April 10th phone call is immaterial since it is undisputed that Berg was fully aware of the nature of the lien months before the settlement proceeds were distributed.

### III. Conclusion

Defendants have raised no dispute of material fact so as to defeat Plaintiff's motion. It is undisputed that defendants were aware of the Plan's right of recovery. It is undisputed that they recovered funds from the "at fault" 3d party and distributed those funds to themselves and Freed

8

1 without reimbursing the Plan. Federal law holds that the Plan has a right
2 to full recovery under ERISA § 502(a)(3). Pursuant to *Sereboff*, and
3 subsequent authority, the money Berg retained as attorney's fees is held in
4 trust for the Plan.
5     Wherefore, the Plaintiff prays the Court grant Plaintiff's motion for
6 summary judgment and enter judgment requiring Berg to return the
7 $16,522.05 remaining from the original lien, plus interest at the legal rate.
8 Dated:  November 30, 2009

**RUSHFORD & BONOTTO, LLP**


By:   /s/ James W, Rushford
    JAMES W. RUSHFORD

Attorneys for Plaintiff,
AC HOUSTON LUMBER COMPANY
EMPLOYEE HEALTH PLAN