JAMES W. RUSHFORD, ESQ.
State Bar No. 88739
RUSHFORD & BONOTTO, LLP
2277 Fair Oaks Blvd., Suite 495
Sacramento, California 95825
Telephone: (916) 565-0590
Facsimile: (916) 565-0599
Email: jrushford@rushfordbonotto.com

Attorneys for Plaintiff,
AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WILLIAM L. BERG, BERG INJURY LAWYERS, MARK FREED, and ABC CORPORATION,<br><br>　　　　　Defendants. | ) Case No.: 2:08-CV-02374-JAM-GGH<br>)<br>)<br>)<br>) **ORDER RE: HEARING ON THE PLAINTIFF AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES**<br>)<br>)<br>) Date: December 9, 2009<br>) Time: 9:00 a.m.<br>) Courtroom: 6 |

Opposing Motions for Summary Judgment, filed on behalf of both Plaintiff AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN and Defendants WILLIAM L. BERG and BERG INJURY LAWYERS were heard before the Honorable Judge John A. Mendez on December 9, 2009. Plaintiff AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN was represented by James W. Rushford and Amanda R. Stevens of Rushford & Bonotto, LLP. Defendants were represented by Robert A. Dalby of the Law Offices of William L. Berg & Associates.

The Court, after full consideration of the evidence, and the written

1

PDF created with pdfFactory trial version www.pdffactory.com

papers and exhibits of each party, and the authority submitted by counsel as well as counsels' oral argument, HEREBY RULES as follows:

Under ERISA Section 502(a)(3)(B), 29 USC Section 1132, a fiduciary may bring an action to "(A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief to redress such violations or to enforce any provision of this subchapter or the terms of the plan." Citing from *Sereboff vs. Mid Atlantic Medical Services,* 547 U.S. 356, a 2006 case. A plan's action to collect reimbursement on a medical lien in a case where the beneficiary has received compensation from a third party and the plan contained a reimbursement provision qualifies as an equitable action under Section 502(a)(3)(B). And there's no question, it's undisputed, that there was a clear reimbursement provision in the plan documents.

One of the features of equitable restitution is that it seeks to impose a constructive trust or equitable lien on particular funds or property in the defendant's possession. Citing *Sereboff* at 362. In *Sereboff,* the court found that when a plan contains a reimbursement provision which specifically identifies what funds it is imposing a lien on, an action to recover those funds qualifies as an equitable action under ERISA 502(a)(3)(B). The plan in *Sereboff* contained a provision titled "Acts of Third Parties" which applied when a beneficiary was sick or injured as a result of the act or omission of another person, and required a beneficiary who received benefits under the plan for such injuries to reimburse the plan from all recoveries from a third party, whether by lawsuit, settlement, or otherwise. Thus, the court in *Sereboff* held that this description of funds in the plan, i.e., those received from a third party as compensation, constituted a specific identification of the funds sought for purposes of the equitable recovery under ERISA.

2

PDF created with pdfFactory trial version www.pdffactory.com

When funds received from a settlement are disbursed without reimbursing the plan, the plan may seek those specifically identifiable funds that are due. Because the reimbursement provision created an equitable lien or constructive trust on identifiable funds, the plan may follow that money as soon as a fund is identified. Thus, in *Sereboff*, as soon as a settlement was received, the plan had the right to follow their portion of the recovery, even once it had been disbursed.

> The fact that settlement proceeds are no longer set aside is not necessarily a bar to granting equitable relief, because the Court may impose a constructive trust or an equitable lien on specific property that can be traced to the proceeds. Although a lien or trust is not available to the extent the funds have been dissipated so that no product remains, it does not appear that funds held in a constructive trust are dissipated when they are used to purchase property that remains in the possession of the trustee, even if the funds are first commingled with the trustee's assets. To the extent property is traceable back to the ill-gotten profits, it is properly subject to a constructive trust or equitable lien.

*Board of Trustees for Laborers Health and Welfare Trust Fund for Northern California vs. Hill*, a Northern District of California case from 2008.

In this case, the plaintiffs have alleged that their "Subrogation, Reimbursement & Third Party Recovery" provision specifically identified funds which must be reimbursed with priority over any other claimants, including attorney's fees claims. Furthermore, Mark Freed signed a reimbursement agreement which agreed to provide plaintiff with a lien upon any and all funds recovered. Thus, neither Mark Freed nor defendants had any right to any of the funds recovered until the lien was paid in full. Defendants knew of the plan terms, the reimbursement agreement, and the existence of a lien. It is undisputed that defendants

3

PDF created with pdfFactory trial version www.pdffactory.com

contacted plaintiff seeking to settle the lien once the settlement funds were received.  Plaintiff has identified the amount they are seeking, which is $16,522.05 of the settlement funds received, and plaintiff argues that it does not matter that defendants already disbursed this money to themselves as attorney's fees. Pursuant to the Hill case, plaintiff also argues that it does not matter that the funds have been commingled with other assets in defendants' account. They are still recoverable under an equitable lien or constructive trust.

The Court finds that plaintiff's arguments have merit. Also, as indicated, the case cited in the reply brief, *Longaberger Company vs. Kolt*, a 2009 case from the U.S. District Court for the Northern District of Ohio, 2009 Westlaw 3806079, also a case almost directly on point, and almost identical facts, leads this Court to the same conclusion that plaintiff's lawsuit in this case has merit and that summary judgment should be granted.

Defendants do cite *Hotel Employees & Restaurant Employees International Union Welfare Fund vs. Gentner*, 50 F.3d 719, a Ninth Circuit case 1995, which held that an attorney was not a fiduciary under ERISA and could not be held responsible even though he knew of a reimbursement agreement and did not follow it.  In that case, the attorney had no contractual or professional duty to reimburse the plan.  In this case, however, plaintiff does not sue on contractual grounds or professional duty grounds.   It does not allege that defendants are fiduciaries.   Rather, plaintiff is suing for equitable relief as a fiduciary, like the benefit plan in *Sereboff*, and therefore the present case is distinguishable from *Hotel Employees*.

Plaintiff has also cited *Bombardier Aerospace Employee Welfare Benefits Plan vs. Ferrer, Poirot and Wansbrough*, a Fifth Circuit case, 354

4

PDF created with pdfFactory trial version www.pdffactory.com

F.3d 348, which stated that a law firm, as counsel for the plan participant and stake holder of specifically identifiable settlement funds in a trust account, fits comfortably within the universe of possible defendants subject to suit under Section 502(a)(3).  The court in *Sereboff* agreed with the Fifth Circuit in Bombardier, and with the Tenth Circuit and Seventh Circuits in similar cases, that ERISA Section 502(a)(3) authorized recovery in circumstances where settlement money was disbursed without reimbursement to satisfy a plan's medical lien. In reaching this holding, the *Sereboff* court overruled a case from the Sixth Circuit and the Ninth Circuit's decision in *Westaff vs. Arce*, 298 F.3d 1164.  Accordingly, plaintiff argues that *Hotel Employees* is not controlling and the Court can, in fact, impose an equitable trust or constructive lien on the funds in defendants' possession that belong to plaintiff does have merit.

Finally, defendants have argued that pursuant to California state law cases, attorney's fees would take priority over medical liens, and medical liens cannot be enforced against attorneys. However, as defendants acknowledge, these state cases are not binding on this Court.  And plaintiff also concurs that they are not binding, but even if they are, they are distinguishable.

For all those reasons, summary judgment is granted in plaintiff's favor because plaintiff had a primary right to specifically identified funds; any settlement funds received in the amount owed for reimbursement. These funds should have been given to plaintiff before any disbursement was paid to Mark Freed or as attorney's fees to defendants. That defendants disbursed and commingled the assets does not bar recovery by the plaintiff. Defendants knew of the lien and disbursed the funds specifically to avoid payment.  The funds are traceable, and the Court is imposing an equitable lien or constructive trust over the $16,522.05 that

5

PDF created with pdfFactory trial version www.pdffactory.com

1   defendants wrongfully claimed.

2        **IT IS THEREFORE ORDERED** that the Plaintiff's motion for summary

3   judgment is granted. And the motion for summary judgment by defendant

4   is denied.   Judgment shall be entered forthwith in favor of plaintiff, AC

5   HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN and against

6   defendants, WILLIAM L. BERG and BERG INJURY LAWYERS.

7        **IT IS SO ORDERED**.

8

9   Dated: January 13, 2010          /s/ John A. Mendez_____

                                        Honorable JOHN A. MENDEZ
10                                       JUDGE   IN   THE   UNITED   STATES
                                        DISTRICT COURT FOR THE EASTERN
11                                       DISTRICT OF CALIFORNIA

12

13   Approved as to Form:

14   Dated: _____

15                                    By:_____
                                           Robert Dalby
16                                    Attorney for Defendants
                                     WILLIAM BERG and BERG INJURY
17                                    LAWYERS

18

19

20

21

22

23

24

25

26

27

28

6

PDF created with pdfFactory trial version www.pdffactory.com